UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA HALCOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 02-1336 (PLF) |
| ) | |
| WASHINGTON METROPOLITAN ) | |
| AREA TRANSIT AUTHORITY, et al., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Woods' motion *in limine* to exclude plaintiff's Exhibits 24 and 25. Plaintiff has opposed the motion in writing.

Exhibit 24 is a description of an incident which occurred in December 1999 while defendant Woods was responding to an emergency medical call. The plaintiff believes it is admissible because Woods' credibility is at issue in this case, Woods testified at his deposition that he was terminated for making inaccurate statements in July 2005, and this fact goes to Woods' credibility. Plaintiff wishes to inquire at trial whether Exhibit 24 (relating to the 1999 incident) was the basis for Woods' 2005 termination. Plaintiff offers no basis to believe that there is any relationship between the two.

Assuming the Court permits testimony about Woods' termination in 2005, the Court will allow counsel for plaintiff to inquire whether the 1999 incident was a basis for the 2005 termination so long as counsel has a good faith basis to believe that to be the case. If Woods' answer is "no," Exhibit 24 will be excluded. Even if his answer is "yes," it is unlikely

that the exhibit itself will be admitted in evidence.

Exhibit 25 relates to a February 25, 2000 incident involving defendant Woods. Specifically, it is a "counseling memorandum" documenting "corrective training" Woods received as a Metropolitan Transit Police Department recruit.  The counseling memorandum characterizes Woods' conduct as "failing to maintain control" of a suspect.  Plaintiff offers it under Rule 404(b) of the Federal Rules of Evidence on the theory that Woods' failure to exercise sufficient contol in the past goes to his motive, intent, knowledge, and absence of mistake or accident in allegedly overreacting in the instant case.  In other words, plaintiff argues that Exhibit 25 constitutes "evidence that defendant Woods had a motive, intent, knowledge, and/or deliberation [sic] to subdue Ms. Halcomb" using excessively forceful techniques in order to avoid "further 'counseling' or other adverse impact on his personnel record."  Plaintiff's Opposition to Motion in Limine by Defendant Woods to Exclude Plaintiff's Exhibits Numbered 24 and 25 at 5.

The Court concludes that plaintiff's theory is colorable but unconvincing.  It is of course possible that defendant Woods was motivated to act in a certain way on October 31, 2001 (the day the events underlying this case took place) by a minor disciplinary sanction imposed in or about February 2000.  But that is a rather attenuated theory of influence.  Thus, in the context of this case, inquiry into this prior disciplinary matter would be minimally probative and quite possibly unfairly prejudicial to defendant Woods.  See Fed. R. Evid. 403.

Accordingly, it is hereby ORDERED that

The Motion in Limine by Defendant Woods to Exclude Plaintiff's Exhibits Numbered 24 and 25 [102] is GRANTED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 6, 2007