UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA HALCOMB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 02-1336 (PLF) |
| | ) |
| WASHINGTON METROPOLITAN | ) |
| AREA TRANSIT AUTHORITY, et al., | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the Court on the parties' motions *in limine* to limit the testimony of each others' expert witnesses.[1] For the reasons stated below, the Court will grant plaintiff's motion and grant in part and deny in part defendant's motion.

I.  BACKGROUND

This case arises out of the arrest and detention of plaintiff Gloria Halcomb in the District of Columbia Metrorail system in October 2001. Plaintiff entered the Metrorail system on October 30, 2001 at the Union Station entrance. Defendant Nopadon Woods, a Washington

---

[1] The papers submitted in connection with these motions are: Plaintiff's Motion in Limine to Bar Certain Testimony Offered by Paul M. Mazzei [95] ("Pl.'s Mot."); Memorandum by Defendant Woods in Opposition to Plaintiff's Motion in Limine to Bar Certain Testimony Offered by Paul M. Mazzei [100] ("Def.'s Opp."); Plaintiff's Reply in Further Support of Motion in Limine to Bar Certain Testimony Offered by Paul M. Mazzei [110] ("Pl.'s Reply"); Motion in Limine by Defendant Woods Regarding Anticipated Testimony by Edward Mamet, Plaintiff's Expert Witness [101] ("Def.'s Mot."); and Plaintiff's Opposition to Motion in Limine by Defendant Woods Regarding Anticipated Testimony by Edward Mamet, Plaintiff's Expert Witness [109] ("Pl.'s Opp.").

Metropolitan Area Transit Authority ("WMATA") police officer, claims that plaintiff entered without paying her fare. Plaintiff disagrees. In any event, plaintiff alleges that Officer Woods and the District of Columbia responded illegally, resulting in plaintiff's treatment that night at D.C. General Hospital, subsequent treatment by a private physician, and ongoing emotional distress. Officer Woods denies plaintiff's allegations and takes the position that his actions in arresting and subduing plaintiff were necessary and reasonable under the circumstances. The District of Columbia also denies the allegations.

## II.  PLAINTIFF'S MOTION *IN LIMINE*

At trial, defendant Woods intends to rely on the expert testimony of Paul M. Mazzei.[2] Plaintiff does not dispute Mr. Mazzei's qualifications to testify as an expert with respect to "the existence of probable cause for an arrest, police procedures utilized in certain arrest and detention situations, and the amount of force deemed reasonable in effecting an arrest." Pl.'s Mot. at 1. Plaintiff does, however, argue that Mr. Mazzei should not be permitted to offer legal interpretations of the fare evasion statute at issue or medical opinions regarding the source and severity of plaintiff's injuries because Mr. Mazzei is not trained either as an attorney or as a medical doctor. See id. at 5-6. Plaintiff also contends that Mr. Mazzei should not be permitted to offer at trial opinions he failed to offer in his deposition or in the expert report disclosed to plaintiff's counsel. See id. at 6.

---

[2] The other defendant in this case, the District of Columbia, has not offered an expert witness and takes no position with respect to the issues involving the experts offered by the other parties. If necessary, at trial the Court will permit the District of Columbia to challenge aspects of expert testimony relating to the District of Columbia out of the presence of the jury. See *infra* at 11.

Counsel for defendant represents that she will not ask Mr. Mazzei to offer impermissible legal or medical opinions, will not seek to elicit such opinions, and will instruct him not to attempt to offer such opinions. See Def.'s Opp. at 2-6. Defendant also argues that there is no need to grant plaintiff's request to preclude Mr. Mazzei from testifying about issues he did not address in his deposition or report because plaintiff does not intend to elicit such testimony. See id. at 6-7.

### A. Legal Opinions

Rule 702 of the Federal Rules of Evidence permits expert testimony that will help the trier of fact "to understand the evidence or to determine a fact in issue . . . ." FED. R. EVID. 702. Expert testimony consisting of legal conclusions is impermissible because such testimony merely states what result should be reached, thereby improperly influencing the decisions of the trier of fact and impinging upon the responsibilities of the court. See United States ex rel. Mossey v. Pal-Tech, Inc. 231 F. Supp. 2d 94, 98 (D.D.C. 2002) (citing Burkhart v. Washington Metro. Area Transit Authority, 112 F.3d 1207, 1212-13 (D.C. Cir. 1997) ("[A]n expert may offer his opinion as to facts, that, if found, would support a conclusion that the legal standard at issue was satisfied, but he may not testify as to whether the legal standard has been satisfied.")).

Of course, "[t]here is no doubt that under Rules 702 and 704 an expert may testify about applicable professional standards and the defendants' performance in light of those standards." Richman v. Sheahan, 415 F. Supp. 2d 929, 945 (N.D. Ill. 2006); see id. at 946 & n.16 (collecting cases). Nothing in this Opinion should be read to preclude such testimony by Mr. Mazzei. To the degree that Mr. Mazzei's opinions regarding probable cause and reasonable

force verge into impermissible legal conclusions, however, they must be excluded. Specifically, Mr. Mazzei's opinions will be excluded to the extent that they are "phrased in terms of inadequately explored legal criteria" or otherwise "tell the jury what result to reach." FED. R. EVID. 704, Advisory Committee's Note. Thus, for example, Mr. Mazzei may not testify as to the intent required to violate D.C. Code § 35-216 (2001), the statute which plaintiff allegedly violated, nor may he opine as to whether plaintiff actually did violate the statute.[3]

### B. Medical Opinions

Similarly, Rule 702 bars Mr. Mazzei from offering opinion testimony as to the "source and severity" of plaintiff's injuries. Pl.'s Mot. at 6. Such opinions would be outside Mr. Mazzei's areas of expertise and hence neither reliable nor helpful to the trier of fact. Id. at 4; see also Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-91, 594-95 (1993) (district courts must ensure that expert testimony is reliable and relevant). The Court therefore will exclude any testimony by Mr. Mazzei regarding the source, severity, or implications of plaintiff's injuries. See Pl.'s Mot, Ex. 1 at 7 (Mr. Mazzei's preliminary report, in which he concludes that plaintiff's bruises were "minor," that they were "on her wrists," and that those bruises "were the result of her own resistance").

### C. Opinions Not Previously Offered

Finally, Mr. Mazzei will not be permitted to testify about issues he did not address

---

[3] Mr. Mazzei will not be permitted to draw legal conclusions based on other sources of law either. See Pl.'s Mot., Ex. 1 at 8 (Mr. Mazzei's preliminary report, in which he concludes that "Officer Nopadon Woods acted within the 'Reasonableness Standard' set forth by the U.S. Supreme Court Case [sic] of Graham v. Connor (1989), and in doing so did not violate the constitutional rights of Ms. Halcomb in the incident that occurred on October 30, 2001").

either in his deposition or in his expert report. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure states that expert witnesses must provide the Court with a written report containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them; [and] the data or other information considered by the witness in forming them; [and] any exhibits that will be used to summarize or support them." FED. R. CIV. P. 26(a)(2)(B). Rule 26(a)(2)(C) requires that such reports be disclosed at least 90 days before the trial date or as directed by the Court. The purpose of Rule 26(a)(2) is to prevent unfair surprise at trial and to permit the opposing party to prepare rebuttal reports, to depose the expert, and to prepare for depositions and cross-examination at trial. See Minebea Co., Ltd. v. Papst, 231 F.R.D. 3, 5-6 (D.D.C. 2005). The Rule also prevents experts from "lying in wait" to express new opinions at the last minute, thereby denying the opposing party the opportunity to depose the expert on the new information or closely examine the expert's new testimony. See id. at 6. Rule 37(c)(1) provides for the exclusion at trial of any information not disclosed pursuant to Rule 26(a), unless the failure to disclose is harmless, or if there is substantial justification for such failure. FED. R. CIV. P. 37(c)(1). Neither of the exceptions in Rule 37(c)(1) are present here. Accordingly, the Court will not allow defendant to offer or elicit any expert opinions that Mr. Mazzei has not previously offered during discovery.[4]

### III. DEFENDANT'S MOTION IN LIMINE

At trial, plaintiff intends to rely on the expert testimony of Edward Mamet. Defendant Woods argues that Mr. Mamet's testimony should be excluded (in whole or in part)

---

[4] Defendant Woods appears to agree that this is a proper limitation to impose on Mr. Mazzei's testimony. See Def.'s Opp. at 7.

for three reasons. First, defendant argues that all of Mr. Mamet's testimony is barred by Rule 702 of the Federal Rules of Evidence because Mr. Mamet impermissibly grounds his opinions about probable cause and reasonable force on his "personal opinion of the credibility of [Ms. Halcomb and Officer Woods]," rather than on general standards of police conduct. Def.'s Mot. at 3.[5] Second, and relatedly, defendant argues that Mr. Mamet should not be permitted to testify as to whether defendant conducted a proper preliminary investigation because Mr. Mamet's opinions on this matter are based on personal opinion rather than relevant "standard[s] controlling police investigation." Id. at 4-6. Third, defendant argues that Mr. Mamet should not be permitted to testify as to the standards of care applicable to police officers transporting and detaining arrestees because -- since Ms. Halcomb was transported and detained by officers of the District of Columbia Metropolitan Police Department ("MPD") rather than defendant Woods or another member of the WMATA police force -- such testimony would be irrelevant. Id. at 6-7.

Defendant also argues that Rules 401, 402, 403 and 702 of the Federal Rules of Evidence bar testimony by Mr. Mamet regarding (1) WMATA's lack of a policy regarding the handling of certain kinds of evidence (because WMATA is not a party and therefore the quality of WMATA's training and supervision is not at issue); (2) defendant's alleged failure to give Ms. Halcomb's fare card to a property clerk (because Mr. Mamet failed to identify any policy or

---

[5]  The Court assumes that this argument is based on Rule 702. Defendant's motion *in limine* does not actually cite the Rule. The Court also assumes that defendant's main objection to this aspect of Mr. Mamet's testimony is that Mr. Mamet fails to adequately identify general standards against which he evaluates defendant's conduct, instead relying on his personal opinion of what constitutes appropriate police behavior. See Def.'s Mot. at 3; see also id. at 4-6. But defendant's motion also seems to make a different point: that much of Mr. Mamet's report amounts to nothing more than an impermissible opinion about the parties' credibility. See Def.'s Mot. at 4. The Court addresses both points below.

standard that required defendant to do so, and because such allegations are irrelevant); and (3) defendant's temporary dismissal from WMATA's police force (because defendant was ultimately reinstated, the dismissal is irrelevant to the issues in this case, and testimony about the dismissal would inevitably and improperly appeal to the jury's emotions).[6]

Plaintiff responds that Mr. Mamet's testimony is not based on a one-sided view of the facts or his personal opinions concerning the credibility of the parties.  Plaintiff argues that Mr. Mamet frequently assesses the case in light of the defendants' version of the facts, not just the plaintiff's, see Pl.'s Opp. at 4, and that Mr. Mamet does identify relevant objective standards as the bases for his proffered opinions.  See id. at 5.  Plaintiff also contends that she does not intend to elicit testimony about the purported negligence of WMATA or the District of Columbia.  See Pl.'s Opp. at 2 n.2.

Defendant has the better of the argument here.  The Court concludes that much of Mr. Mamet's report improperly indulges in character and credibility determinations; impermissibly relies on personal opinions rather than general standards; and needlessly addresses matters that are likely irrelevant to the disposition of this case.  The Court will therefore exclude certain aspects of Mr. Mamet's anticipated testimony as described below.

*A.  Impermissible Character and Credibility Determinations*

Rule 702 precludes Mr. Mamet from offering opinion testimony about the credibility of parties or witnesses.  See United States v. Libby, 461 F. Supp. 2d 3, 7 (D.D.C. 2006) ("Expert testimony will . . . be precluded if it would usurp the jury's role as the final

---

[6]  Again, because defendant's argument largely fails to cite relevant Federal Rules of Evidence, the Court is forced to assume that his argument relies on these particular Rules.

arbiter of the facts, such as testimony on witness credibility and state of mind."). Like Mr. Mazzei, Mr. Mamet will be limited to testifying about "applicable professional standards and the defendants' performance in light of those standards," Richman v. Sheahan, 415 F. Supp. 2d at 945 -- that is, those matters within his realm of expertise. Counsel for plaintiff may not elicit testimony from Mr. Mamet about matters outside his realm of expertise or for which he has no foundation.

Specifically, counsel for plaintiff may not elicit from Mr. Mamet -- and Mr. Mamet may not volunteer -- testimony concerning the credibility, trustworthiness, law-abidingness, character, or state of mind of any party or witness. The following is a non-exclusive list of the sorts of opinions Mr. Mamet will not be permitted to offer at trial: Def.'s Mot, Ex. 1 at p. 5 ¶ 4 (suggesting that plaintiff was "humiliated" during search); id. at p. 8 ¶ 1 (stating that Mr. Mamet is "inclined to accept the Plaintiff's version of events"); id. at p. 8 ¶ 2 (observing that "the Plaintiff appears to be a sophisticated person of good character" and further opining that plaintiff "had no reason to attempt fare evasion"); id. at p. 8 ¶ 3 (insinuating that defendant Woods is an untruthful person because "he was terminated for making false statements" and "demonstrated a basic lack of knowledge about proper police practice as well as ignorance of the cooperative agreement between [the WMATA police force and MPD]"); id. at p. 9 ¶ 1 (characterizing defendants' acts as spiteful, intentional and uncaring); id. at p. 9 ¶ 3 (characterizing defendant Woods' acts as "ministerial, authoritative and vindictive"); id. at p. 9 ¶ 5 (characterizing defendant Woods' acts as purposeful); id. at p. 10 ¶ 2 (suggesting that defendant Woods acted out of "personal vindictiveness"); id. at p. 13 ¶ 4 (again suggesting that defendant Woods acted out of "vindictiveness" and "animosity"); id. at p. 14 ¶ 2 (asserting that defendant Woods

"wanted to punish the Plaintiff because she challenged him," and that defendant Woods effected plaintiff's arrest in order to justify an unnecessary use of force); id. at p. 14 ¶ 3 (referring to defendant Woods' testimony as "absurd and . . . indicative of his lack of credibility"); id. at p. 16 ¶ 4 (referring to defendant Woods' behavior as "disingenuous and ministerial"); id. at p. 17 ¶ 5 (arguing that defendant Woods' alleged mishandling of evidence "is further evidence of [Woods'] lack of credibility"); id. at p. 18 ¶ 1 (suggesting that defendant Woods is not one of "the best people for police officer positions"); id. at p. 19 ¶ 7 (concluding that defendant Woods violated standards "wittingly"); id. at p. 20 ¶ 1 (again suggesting that defendant Woods effected plaintiff's arrest in order to justify an unnecessary use of force); id. at p. 20 ¶ 5 (opining that defendants acted with "design, indifference and gross negligence," and hence that "Plaintiff's complaint is valid").[7]  Counsel for plaintiff shall ensure that Mr. Mamet understands this ruling and is thoroughly familiar with the limitations it imposes on his testimony.

### B.  Opinions Without Standards

Rule 702 also precludes Mr. Mamet from offering opinion testimony based on personal opinions rather than on relevant objective standards. See Butera v. District of Columbia, 235 F.3d 637, 658-59 (D.C. Cir. 2001) ("The expert must refer to commonly used

---

[7]  Similarly, Rule 702 compels the exclusion of all testimony by Mr. Mamet about defendant Woods' dismissal from the WMATA police force. See, e.g., id. at p. 8 ¶ 3; id. at p. 17 ¶ 5. Even if defendant Woods' dismissal were relevant to this matter -- and it is not at all clear that it is -- it is not a proper topic for Mr. Mamet's expert testimony.

Of course, as discussed in this Court's Memorandum Opinion and Order of December 6, 2007, the Court *may* allow plaintiff to attack defendant Woods' credibility by cross examining him about a letter he wrote in 1999 and whether that letter was the basis for his dismissal in 2005. Nothing in this Opinion should be read as expanding or contracting that ruling.

police procedures, identifying specific standards by which the jury could measure the defendant's actions."). Mr. Mamet may offer opinions with respect to the issues in this case only to the extent that those opinions are tied to and based upon identifiable, objective standards of police practice such as those set forth in publications of the International Association of Chiefs of Police ("IACP") or similarly authoritative and relevant documents.

Thus, for example, Mr. Mamet will not be permitted to make naked assertions such as "Defendants' treatment of Plaintiff was highly improper," Def.'s Mot., Ex. 1 at p. 9 ¶ 1, or "[a]rresting or otherwise charging someone with an offense solely because they are injured is a gross violation of police practice." Id. at p. 10 ¶ 3.  But he may testify that, in his opinion, defendants' behavior fell below identifiable, objective standards governing the profession -- at least so long as defendants' adherence or failure to adhere to those standards is relevant to the claims in this case. See, e.g., id. at p. 12 ¶¶ 2-4; id. at p. 13 ¶ 1 (opinions about defendant Woods' preliminary investigation and use of force based on standards set forth in WMATA police force policy documents); id. at p. 15 ¶ 1 (opinion about propriety of search by member of the opposite sex based on standards set forth in WMATA police force policy documents and IACP publications).

### C.  Irrelevant Matters

Finally, Rules 401 and 402 of the Federal Rules of Evidence prohibit Mr. Mamet from offering opinions about irrelevant issues.  As noted above, WMATA is not a party to this case.  Thus, counsel for plaintiff may not elicit from Mr. Mamet -- and Mr. Mamet will not volunteer -- testimony concerning WMATA's alleged negligence in hiring, training, or

supervising defendant Woods or other WMATA officers. See, e.g., Def.'s Mot., Ex. 1 at p. 18. Nor may counsel for plaintiff elicit testimony about other matters with no relation to this case, such as allegations that defendant Woods mishandled evidence. See, e.g., id. at p. 11 ¶ 3; id. at p. 17 ¶¶ 5-6.

Moreover, Mr. Mamet may testify with respect to the transportation, detention and treatment of plaintiff subsequent to her arrest only under the following conditions. Plaintiff must demonstrate *either* that such testimony is relevant to her claims against defendant Woods (by offering evidence that (1) defendant Woods -- rather than District of Columbia MPD officers -- exercised control or should have exercised control over plaintiff's transportation and detention and that (2) defendant Woods' behavior during said transportation and detention violated objective standards of police practice) *or* that such testimony is relevant to her intentional infliction of emotional distress claim against defendant the District of Columbia (by offering evidence that plaintiff was detained or treated by District of Columbia MPD police officers in a manner that violated objective standards of police practice and in a way that relates to this one remaining claim). If the above conditions are not satisfied, the Court will not permit Mr. Mamet to testify with respect to these subjects. See, e.g., Def.'s Mot, Ex. 1 at p. 10 ¶¶ 1,6 (propriety of transportation and detention); id. at p. 11 (propriety of detention; alleged negligence of WMATA and MPD); id. at p. 13 ¶¶ 2-3 (propriety of transportation); id. at pp. 16-20 (propriety of detention; alleged negligence of WMATA and MPD).

For the foregoing reasons, it is hereby ORDERED that

Plaintiff's Motion in Limine to Bar Certain Testimony Offered by Paul M. Mazzei [95] is GRANTED; and it is

FURTHER ORDERED that the Motion in Limine by Defendant Woods Regarding Anticipated Testimony by Edward Mamet, Plaintiff's Expert Witness [101] is GRANTED in part and DENIED in part.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 7, 2007